UNITED STATES, Appellee

v

RICHARD J. WALINCH, Machine Accountant First Class,
U. S. Navy, Appellant

8 USCMA 3, 23 CMR 227

No. 9223

Decided May 3, 1957

*Commander Earl C. Collins,* USN, argued the cause for Appellant, Accused. With him on the brief was *Paul J. Abbate, Esq.*

*Major Verne L. Oliver,* USMC, argued the cause for Appellee, United States.

### Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused was brought to trial on a charge of sodomy, but was convicted by a general court-martial of committing an indecent, lewd and lascivious act with another, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. The adjudged sentence includes a bad-conduct discharge. Intermediate appellate authorities affirmed the conviction. We granted review to consider the propriety of certain proceedings at the trial.

A number of close questions of fact were presented for the court members' consideration. These included the voluntariness of a purported confession by the accused and the effect of testimony by a defense psychiatrist that the

**3**

accused had no homosexual "tendencies." The president of the court requested that the court members "have access" to Secretary of the Navy Instruction No. 1620.1. The law officer approved the request and directed that a copy of the instruction be submitted to the court members for use in their deliberations.

The instruction promulgates the procedure for the Navy for the disposition of personnel in cases "involving homosexual tendencies or acts" which must be "followed without exception." A classification of homosexuals is established. Class I consists of cases accompanied by assault or coercion; Class II is composed in part of cases in which the evidence supports a "proposal or attempt to perform an act of homosexuality." The instruction directs that enlisted personnel within the latter class are to be confronted with sample charges and informed that they will be tried by a general court-martial on those charges unless they agree to accept "an undesirable discharge . . . to escape trial by general court-martial." The instruction concludes with a discussion of the role of the medical expert and characterizes his opinion as "immaterial" in certain instances.

This case reemphasizes the danger of using administrative standards in a judicial proceeding of a criminal nature. No extended discussion is needed to point up the prejudicial effect on the accused's rights which resulted from permitting the court members to consider the instruction. As far as the court-martial proceeding is concerned, materiality or immateriality of the testimony of a medical witness in regard to the accused's homosexual "tendencies" is a matter for the law officer's determination, not that of the Secretary of the Navy. See United States v Schick, 7 USCMA 419, 22 CMR 209. Moreover, impressing upon the court-martial that it is merely a secondary means to effect the accused's discharge from the service after the primary method has failed brings command control into the proceeding in a very direct and forceful way. United States v Fowle, 7 USCMA 349, 22 CMR 139. These circumstances compel reversal of the accused's conviction.

The decision of the board of review is reversed. The findings of guilty and the sentence are set aside. A rehearing may be ordered.

Judge FERGUSON concurs.

Judge LATIMER concurs in the result.